MATTER OF C——G——

## Application for PERMISSION TO REAPPLY

### A-11046691

*Decided by Regional Commissioner November 17, 1959*

*Approved by Assistant Commissioner December 10, 1959*

**Permission to reapply after deportation—Not granted where previous deportation indicates not *bona fide* crewman—Also ineligible for waiver under section 212(d)(3).**

(1) Permission to reapply for admission as a crewman will not be granted to an alien whose past record—deportation as an overstayed crewman and attempt to enter as a stowaway—indicates that he is not a *bona fide* non-immigrant.

(2) The same reason would require denial of an application under section 212(d)(3) of the 1952 act for waiver of the section 212(a)(17) ground of inadmissibility.

### BEFORE THE REGIONAL COMMISSIONER

**Discussion:** This case comes forward on appeal from the district director's order denying the application on the ground that the applicant's previous disregard for the immigration laws of the United States does not warrant favorable consideration of the application.

Applicant is a 29-year-old male, a native and citizen of Chile. He is single and has no relatives in the United States other than a cousin whose whereabouts are unknown.

Applicant states that he is a crewman; that he first entered the United States during August of 1953 as such; and since that time has entered on numerous occasions in pursuit of his calling. The record establishes that he was last admitted as a crewman at Mobile, Alabama, on March 8, 1957, for a period to expire on March 15, 1957. Applicant did not depart within the period of time granted and, at a hearing on April 9, 1957, before a special inquiry officer in deportation proceedings he was found to be unlawfully in the United States on a remained longer charge. The special inquiry officer in his decision granted applicant the voluntary departure privilege to depart within the period of time set by the district director, or any authorized extension thereof, with an alternate order that if he did not depart the voluntary departure privilege would

be withdrawn and order of deportation without further proceedings would issue. The applicant did not depart, and on May 10, 1957, warrant of deportation issued. He was deported from the United States on May 23, 1957, at Miami, Florida.

The applicant next arrived in the United States at San Francisco, California, on June 6, 1959, as a stowaway on board the SS. *Ocean Alice*. His intention at that time was to effect a surreptitious entry into the United States for the purpose of seeking work. Notice to detain and deport a stowaway was served on the master of the vessel and the agent. Applicant was subsequently deported from the United States at Los Angeles, California, on June 25, 1959.

In his instant application, the alien seeks permission to reapply for admission as a crewman.

As set forth above, the applicant was admitted as a crewman, overstayed the period for which he was admitted, and was subsequently deported from the United States. The record of his past actions indicates that he is not a *bona fide* crewman and on this basis his application will be denied. Had the alien applied for a waiver of his inadmissibility under section 212(a)(17) of the Immigration and Nationality Act pursuant to section 212(d)(3), that application also would be denied on the same grounds, namely, in view of his past record he has failed to establish that he is a *bona fide* crewman. For the reason stated above the appeal will be dismissed.

The conclusions set forth above are predicated on the applicant's actions surrounding his entry as a crewman at Mobile, Alabama, on March 8, 1957, and his subsequent deportation at Miami, Florida, on May 23, 1957, as an overstayed nonimmigrant crewman. The same findings would be made based solely on his actions at the time he attempted to enter as a stowaway to seek work in the United States and his deportation following that incident.

**Order:** It is ordered that the alien's application for permission to reapply for admission into the United States after deportation be and the same is hereby denied on the ground that he is not a *bona fide* crewman.